Parker, C. J.
The paupers, having had their legal settlement in the town of Charlton, must retain it, unless, by virtue of the act incorporating Southbridge, they gained a settlement within that town.
We think it very clear that the act of incorporation did not affect their settlement. They were then paupers: not having removed within the limits of the newly incorporated town by iheir own volition, but having been placed there, by the overseers of Charlton, for the convenience of that town, their municipal relation remained unaffected by the removal; nor were they inhabitants of that part of Charlton which became Southbridge, within the meaning of the fourth section of the act of incorporation.
The manifest intention of the legislature, in making the provision contained in that section, was to make Southbridge * chargeable with the support of all such persons as should be or become poor, and who would be considered inhabitants, provided the several territories erected into the town of Southbridge had been, before the passing of the act, a separate and distinct town ; leaving the other towns, out of which South-bridge was created, to provide for the poor who were inhabitants within their respective limits in the same manner as they would have been held by law had not the new town been incorporated. The paupers would have gained no habitancy by being placed at board by the overseers of another town; but the very act of placing them there, at the expense of the town which sent them, would continue their relation to the place of their former residence.
The Court are also of opinion that the instructions given to the jury, on the subject of damages, were right. There can be no doubt that a [own which has supported paupers properly chargeable to another town ought to be fully indemnified for all the expense properly incurred. But cases may arise which would impose upon the advancing town the duty of diminishing the expense, or of giving an opportunity to the town eventually liable to save expense, by removing the paupers, or otherwise providing for their'support.
In this case the towns were adjacent, and, without doubt, daily intercourse was kept up between the inhabitants. If the paupers could not be supported, but for an extravagant sum, within the town primarily liable, the overseers should inform the neighboring town of the expense, or should remove the paupers, if that can be conveniently done. Notice, however, would be sufficient to render the *233 town to which the paupers belonged liable for all expenses bond fide incurred. But without such notice, where it can be conveniently given, as in the case before us, we think, if an exorbitant sum is paid for the support of paupers, although not mala fide, it cannot be recovered, (a)

Judgment according to the verdict.

 Middleborough vs. Clark, 2 Pick. 28. — Walpole vs. Hopkinton, 4 Pick, 357.