The opinion of the Court was read at April term 1823, as prepared by
Parker C. J.
The pauper, being an illegitimate child, must have the settlement of his mother at the time of his birth.[1] At that time the settlement of Bridget Fiske, his mother, was in Fitchburg, derived from Amos Fiske, her father. But it is contended by the plaintiffs, that by virtue of the statute which set off the farm, on which Amos Fiske had lived, from Fitch-burg, and annexed it to Westminster, the settlement of Amos Fiske, and all the derivative settlements under him, were transferred to Westminster. We cannot think the statute was intended to have this retroactive operation, and it would be unjust that it should ; for if Amos Fiske, who did not live on *150 the farm at the time of the annexation, but had sold it long be f°re> and all his posterity, are chargeable to Westminster in consequence of the annexation, there is the same reason for applying the rule to every person who may have successively owned or occupied that farm, and by means thereof gained a settlement in Fitchburg prior to the annexation ; and thus Westminster might become chargeable for the support of many families of paupers, by reason of having one single farm annexed to that town. The statute of annexation itself, by implication, limits the liability of Westminster in this particular ; for it provides that Thomas Miles, with his estate, (which is the farm formerly owned by Amos Fiske,) be set off from said town of Fitchburg, and annexed to the town of Westminster, there to do duty and receive privileges. Now, by this statute, the settlement of • Thomas Miles, and all derivative settlements under him, were transferred from Fitchburg to Westminster ; and this was the equivalent for the advantages Westminster might receive from the annexation. If Fiske’s settlement should likewise be transferred, and that of others who might have owned this farm, certainly Westminster would be unequally burdened.
The case of Groton v. Shirley, 7 Mass. Rep. 156, was settled upon the principle we adopt in this case, viz. that the inhabitants of that part of a town, which is annexed to another, have their settlement' changed by the annexation. The same principle was applied in the case of Great Barrington v. Lancaster, 14 Mass. Rep. 253. The case of Southbridge v. Charlton, 15 Mass. Rep. 248, recognizes the same principle, viz. that actual dwelling on the part annexed, or having a home there in a legal sense, at the time, is necessary to effect a change of settlement. It cannot be said that Amos Fiske, or his daughter Bridget, had their home on this farm after it was sold and they had removed therefrom, nor could it be said of the pauper himself, who, at the time of the annexation, dwelt in another part of Fitchburg. His home was in the town of Fitchburg, not on the farm which then belonged to Thomas Miles. A similar question, as to the effect of annexation of part of one town to another, has arisen in the Supreme Court of Maine since the separation. The statute of 1793, relating
*151 to settlements, is ■ still in force there, and a construction of it by that court, composed as we know it to be of learned lawvers, cannot but be respectfully received by us. It was held there, that the annexation of a part of one town to another transferred the settlement of those only, who actually dwelt upon the part so annexed at the time of the annexation. Hallowell v Bowdoinham, 1 Greenleaf, 129.[1]

Plaintiffs nonsuit.

 See also Sidney v. Winthrop, 5 Greenl. 123; Dorchester v. Deerfield, 3 N. Hamp. R. 316; Bow v. Nottingham, 1 N. Hamp. R. 260; Woodstock v. Hooker, 6 Conn. R. 35; Danbury v. New Haven, 5 Conn. R. 584. The settlement of an ill eg: t mate child, born in a State in which its mother has no settlement, is in the place of its birth. Hebron v. Marlborough, 2 Conn. R 18.

 Sutton v. Dana, 4 Pick. 117. See Westborough v. Franklin, 15 Mass. R 254; Marlborough v. Hebron, 2 Conn. R. 20 New Chester v. Bristol, 3 N. Hamp R 71.