*Judgment on the verdict.*

Dame<br>*vs.*<br>Fales.

## NEW-CHESTER *vs.* BRISTOL.

Where a pauper, actually supported by an old town, resided in that part of the old town, which was incorporated into a new town, at the time the new town was incorporated, it was held, that the pauper gained no settlement in the new town, by the act of incorporation.

Assumpsit, for the support of *L. C.*, a pauper, alleged to have a settlement in Bristol.

The cause was tried here, at November term, 1823, upon the general issue. The only question raised by the parties, was, whether the pauper was settled in Bristol. It appeared in evidence, that the town of Bristol was incorporated in June, 1819, and included a part of the territory which had before been New-Chester. The pauper became chargeable to New-Chester before Bristol was incorporated ; and, until the time of becoming chargeable, had always resided within what is now New-Chester. At the time Bristol was incorporated, the pauper was maintained by New-Chester, in the family of a Mr. *Fuller*, who resided in that part of New-Chester which was included within the bounds of Bristol.

A verdict was taken by consent, for the plaintiffs, subject to the opinion of the court upon the foregoing case.

*By the court.*—The statute of January 1, 1796, (1 *N. H. Laws* 363) enacts, that, " when any new town or district " shall be incorporated, composed of one or more old incor- " porated towns or districts, all persons settled in the town " or towns, district or districts, of which such new town or " district is composed, and who shall actually dwell, and " have their houses within the limits of such new town " or district, at the time of its incorporation, shall thereby

New-Chester
*vs.*
Bristol.

" gain a settlement in such new town or district ;" and the question, to be decided in this case, is, whether paupers actually supported by the old towns at the incorporation of the new town, are within the meaning and intent of this clause of the statute ?

We are of opinion, that the pauper could not be considered as having a home within the limits of the new town, at the time of its incorporation, within the intent of the statute. This point has been decided in Massachusetts, upon a statute the same in substance as ours, in the same way. 15 *Mass. Rep.* 248, *Southbridge vs. Charlton.*—13 ditto 460, *Sudbury vs. Waltham.*

*Verdict set aside, and plaintiffs nonsuit.*