Paddock *et al. v.* Watts.

---

No. 13,400.

## PADDOCK ET AL. *v.* WATTS.

MALICIOUS PROSECUTION.—*Malice.*—*Probable Cause.*—To sustain an action for damages for instigating or prosecuting a criminal action, which terminated in the plaintiff's acquittal, it must be shown that the defendant instituted the action in malice and without probable cause.

SAME.—*Collateral Purpose in Instituting Prosecution.*—Where a criminal prosecution is commenced under circumstances which make it apparent that the person instituting the same had some collateral purpose in view, rather than the vindication of the law, a finding of a want of probable cause will be justified.

Paddock *et al. v.* Watts.

SAME.—*Advice of Counsel.*—It is competent for the defendant, in order to disprove malice, to show that in instituting criminal proceedings he acted under the advice of counsel; but to obtain immunity he must have made a full and fair statement of all the facts known to him.

SAME.—*Evidence.*—Where the prosecuting attorney testifies that upon the state of facts communicated to him by the defendant he advised the institution of criminal proceedings against the plaintiff, it is competent, on cross-examination, to ask him, as an expert, whether or not, if the facts were different in a specified particular from those stated by the defendant, he would have given the advice he did.

PRACTICE.—*Judgment.—Defective Verdict.— Venire de Novo.—Motion in Arrest.*—Where the obstacle in the way of the rendition of judgment is a defective verdict, the correctness of the judgment can not be called in question on appeal unless a motion for a *venire de novo*, or, the whole record being defective, a motion in arrest, was made below.

From the Vigo Circuit Court.

*I. N. Pierce, J. G. Williams* and *T. W. Harper,* for appellants.

*C. F. McNutt, J. G. McNutt, S. C. Davis, S. B. Davis* and *S. R. Hamill,* for appellee.

MITCHELL, J.—This was an action by James W. Watts against William, Benjamin F. and David E. Paddock, to recover damages for an alleged malicious prosecution instituted by the Paddocks against the plaintiff Watts in the Vigo Circuit Court.

The plaintiff charged that the defendants unlawfully, wrongfully, maliciously and without probable cause, procured an indictment to be found and returned against him by the grand jury of Vigo county, in which the plaintiff was charged with the crime of embezzlement. It was alleged that the plaintiff had been arrested and tried upon the charge so preferred, and that he had been found not guilty, and discharged accordingly.

The defendants joined in pleading the general issue. There was a verdict for the plaintiff against all the defendants for $750, upon which judgment was rendered against William and Benjamin F. Paddock, over their joint motion for a

new trial, while David E. Paddock was awarded a new trial upon his separate motion.

It is contended on behalf of the appellants, with much earnestness, that the verdict is not sustained by the evidence. It appears that the defendants were partners in the summer of 1882, engaged in the milling business in the city of Terre Haute. They employed the plaintiff to purchase wheat, the defendants agreeing to furnish the money and to pay the plaintiff a commission of three cents per bushel on one kind of wheat, and to share the profits equally with him on all the wheat of another kind which he should purchase for them. Considerable quantities of wheat were purchased, and a large sum of money furnished under this arrangement, which was continued until in the autumn of 1882. After the plaintiff ceased purchasing wheat, an accounting was attempted between the parties, and a dispute arose concerning a certain check drawn by Paddock & Co. in favor of the plaintiff for one thousand dollars upon the First National Bank of Terre Haute. That a check for that amount was drawn payable to Watts or bearer, on the 26th day of July, 1882, and that it was paid by the bank on that day to some one is not disputed. Watts had no account of it on his books, and according to his testimony he disputed the fact of ever having received the check, or the money it called for, although the amount was charged to him on the books of Paddock & Co. Failing to arrive at a satisfactory adjustment of their affairs, Watts commenced a civil suit against Paddock & Co. for damages growing out of an alleged violation of their contract, after which, at the instigation and upon the testimony of the appellants, the grand jury of Vigo county returned an indictment charging him with having embezzled the appellants' money and checks. After hearing the evidence on behalf of the State, the court directed a verdict of acquittal, and this ended the criminal prosecution, which is now alleged to have been begun maliciously and without probable cause.

In order to sustain an action to recover damages for instigating or prosecuting a criminal action, which has terminated in the plaintiff's acquittal, it must be shown that the defendant instituted the action in malice and without probable cause. The essential ground of the action is, that a criminal prosecution has been instituted and carried on without probable cause. In the absence of probable cause malice may be implied. *Pennsylvania Co.* v. *Weddle,* 100 Ind. 138; *Stone* v. *Crocker,* 24 Pick. 81.

Whether there was probable cause for the criminal prosecution instituted by the defendants depends upon whether or not the above mentioned check for one thousand dollars, drawn on the 26th day of July, 1882, by Paddock & Co. in favor of Watts, was ever delivered to, and the amount of money for which it called properly charged against him on the books of Paddock & Co. If it was, or if, after such reasonable and proper inquiry as prudent persons ought to make, the defendants honestly believed it had been, there may have been probable cause for the prosecution. If it was not, and the defendants ought or might have known the facts, the prosecution was commenced without probable cause. There was evidence tending to show that Watts never received the check nor the money; that he was not in the city of Terre Haute within banking hours on the day on which the check was drawn by the defendants and paid by the bank. One of the firm of Paddock & Co. testified that he drew the check, payable as above, and delivered it to Watts in person on the day on which it bears date. This the latter denied. He also produced evidence corroborative of his theory, showing that the check could not have been paid to him on the day on which the bank paid it. If it was true, as was assumed and contended by Watts, that Paddock & Co. drew their check for one thousand dollars, payable to James W. Watts or bearer, and never delivered it to him, or to any one at his request or for his benefit, that they charged the amount called for by the check against him on their books without

any right to do so, and then caused him to be prosecuted for the crime of embezzlement, while he disputed that item of their account, and while he was prosecuting a civil action against them claiming that they owed him, then, of course, the verdict of the jury was supported by the evidence. The jury must have accepted the theory put forward by Watts, and it can not be said that it finds no support in the evidence.

Where a criminal prosecution is commenced under circumstances which make it apparent that the prosecutor had some collateral purpose in view, rather than the vindication of the law, as where a prosecution was commenced in order to compel the surrender of notes about which there was a dispute, a finding of a want of probable cause will be fully justified. *Kimball* v. *Bates*, 50 Maine, 308; *Brooks* v. *Warwick*, 2 Stark. 342; *McDonald* v. *Rooke*, 2 Bing. N. C. 219.

We can not reverse the judgment upon the evidence. An examination of the instructions given to the jury, and a consideration of the objections made to them by the appellants, lead to the conclusion that the court committed no error in that connection which was prejudicial to the appellants. The contention that the 13th instruction was not applicable to the evidence is not, in our opinion, sustained by the record.

The point is made in the brief that the court committed error in rendering judgment against the appellants William and Benjamin F. Paddock, over their objection, after having granted a new trial to their co-defendant, David E. Paddock.

If there was any impediment in the way of the rendition of a judgment after granting a new trial to one of the defendants who was found jointly liable, it was because the verdict was there defective.

Ordinarily, questions of this character can only be presented by moving for a *venire de novo*, unless the whole record, including the verdict, is so defective as that no judgment can properly be rendered, when a motion in arrest may raise the question. *Boor* v. *Lowrey*, 103 Ind. 468.

In the present case it is conceded that there was no motion

either for a new venire or in arrest. It is contended, however, that the objection made by the appellants to the rendition of judgment against them, after a new trial had been granted their co-defendant, performed substantially the same office as a motion in. arrest. We do not concur in this view, nor are we to be understood as conceding that a motion in arrest would have raised the question in the present case if one had been made. It is not necessary, however, to decide that question.

During the progress of the trial the prosecuting attorney, who, upon the facts as communicated to him by the appellants, advised the institution of a criminal prosecution against Watts, after having testified to that effect in appellants' behalf in chief, was asked the following question on cross-examination : " State if you had known that he still disputed the payment of the check, and disputed that he got it, would you have given the advice you did?" To which the witness responded that he " would not."

It was competent for the defendants, in order to disprove malice, to show that in instituting criminal proceedings they acted under the advice of competent counsel. Where one lays all the facts before counsel, and acts in good faith upon an opinion given, he is not liable to an action, even though it turn out that he was mistaken. But in order that he may obtain immunity, he must have made a full and fair statement of all the facts known to him. *McCarthy* v. *Kitchen,* 59 Ind. 500, and cases cited ; *Center* v. *Spring,* 2 Iowa, 393.

The prosecuting attorney having testified that, upon a certain hypothesis or state of facts communicated to him by the appellants, he, as a lawyer, and an officer of the law, advised the institution of criminal proceedings against Watts, it was competent to ask him, as an expert, whether or not, if the hypothesis or facts upon which he proceeded had been changed in the manner indicated by the question, he would have arrived at a different conclusion. This was only an-

other way of showing the materiality of the facts assumed to have been withheld from the prosecuting attorney.

We have found no error. The judgment is affirmed, with costs.

Filed Nov. 15, 1888.