Adams v. Bicknell.

Filed Nov. 25, 1890.

No. 14,650.

## ADAMS v. BICKNELL.

MALICIOUS PROSECUTION.—*Conviction before Justice.*—*Acquittal in. Circuit Court.*—*Effect of on Right of Action.*—*Complaint.*—*Demurrer.*—A complaint in an action for malicious prosecution alleged that the defendant instituted before a justice of the peace a prosecution against the plaintiff charging him with having obstructed a certain public highway; that the plaintiff was convicted before the justice of the peace, and took an

appeal to the circuit court, and was acquitted of the charge. The complaint contained proper averments that the prosecution was malicious and without probable cause, but there were no averments that the conviction before the justice was procured by perjury or subornation of perjury on the part of the prosecuting witness, or by fraud or collusion, or any improper motives on the part of the justice.

*Held,* that a demurrer to the complaint was properly sustained. The averment in the complaint of the conviction before the justice, in the absence of averments that such conviction was procured by perjury or subornation of perjury on the part of the prosecuting witness, or that it was procured by fraud or collusion, rebuts the other averments of malice and want of probable cause, and conclusively shows the existence of probable cause, and exonerates the prosecuting witness from liability in an action for malicious prosecution.

From the Sullivan Circuit Court.

*J. C. Chaney* and *W. S. Maple,* for appellant.
*W. C. Hultz* and *O. B. Harris,* for appellee.

OLDS, C. J.—This is an action for a malicious prosecution. The complaint alleges that in March, 1887, the appellee instituted before a justice of the peace a prosecution against the appellant, charging the appellant with having obstructed a public highway in Sullivan county, Indiana.

It appears from the averments of the complaint that the appellant was convicted before the justice of the peace, and he took an appeal to the circuit court, and was acquitted of the charge.

The complaint contains proper averments that the prosecution was malicious and without probable cause, but there are no averments that the conviction before the justice was procured by perjury or subornation of perjury on the part of the appellee, or by fraud or collusion, or any improper motives on the part of the justice.

A demurrer was sustained to the complaint, exceptions reserved to the ruling, and the ruling of the circuit court in sustaining the demurrer is assigned as error.

The sole question presented is as to whether the complaint is rendered defective on account of its showing that there was

a conviction of the appellant before the justice of the peace.

It is contended by counsel for appellee that the fact that the appellant was convicted by the justice, in the absence of averments that such conviction was procured by perjury or subornation of perjury on the part of the appellee, or showing that it was procured by fraud or collusion on his part, rebuts the other averments of malice and want of probable cause, and is conclusive evidence of probable cause, and exonerates the appellee from liability.

On the other hand it is contended by counsel for appellant that the appeal operated to vacate the judgment before the justice, and the cause came up in the circuit court for a trial *de novo*, that it is the same as if a new trial had been granted by the justice, and hence is not conclusive evidence that probable cause existed for instituting the prosecution.

The decisions of the courts are not uniform upon the question presented, but we think the great weight of authority is to the effect that the judgment of conviction of the justice's court, though appealed from, and an acquittal had in the circuit court, is, in the absence of fraud, conclusive of probable cause.

Cooley Torts (2d ed.), p. 185, states the law to be : " If the defendant is convicted in the first instance and appeals, and is acquitted in the appellate court, the conviction below is conclusive of probable cause."

Stephen, in his work on the law relating to Actions for Malicious Prosecution, p. 101, says : " It seems probable that the reversal on appeal of a conviction is not a termination favorable to the person convicted upon which he can found an action for malicious prosecution. *Reynolds* v. *Kennedy*, 1 Wils. 232 (1748), which has frequently been quoted as an authority, was an appeal from the Court of King's Bench in Ireland. The declaration was for seizing the plaintiff's brandy, and ' falsely and maliciously ' exhibiting an information against him before the sub-commissioners of excise for not having paid duty upon it. It alleged that the sub-com-

missioners condemned the brandy, and that the commission-
ers of appeal ' most justly reversed the judgment of the sub-
commissioners.' It was held that as to the information
before the sub-commissioners the declaration showed a foun-
dation for the prosecution, and that as to the appeal ' we can
not infer from the judgment of reversal of the commission-
ers of appeal, that the defendant, the prosecutor, was guilty
of any malice.' "

In *Griffis* v. *Sellers*, 2 Dev. and Bat. Law, 492 (N. C.). (31
Am. Dec. 422), a well reasoned case, it is held that where
there were a trial and conviction in the county court, and
an appeal taken to the superior court where the defendant
was acquitted, it was conclusive of probable crime, and that
the defendant in such case could not maintain an action for
malicious prosecution, and the declaration was held bad for
this reason.

In the case of *Clements* v. *Odorless, etc., Co.*, 8 Central Rep.,
p. 901, the Supreme Court of Maryland, in an action for
malicious prosecution, where there had been a judgment
in favor of the defendant, in the cause upon which the
prosecution was based, which judgment had been reversed,
said : " It was the deliberate judgment of a court of com-
petent jurisdiction that there was not only a probable cause
for filing the bill for injunction, but that the appellee was
entitled to the relief prayed. A judgment thus rendered
ought to be considered conclusive as to the question of prob-
able cause, although it was reversed on appeal by the Su-
preme Court; otherwise, in every case of reversal an action
would lie for the institution of the original suit."

*Whitney* v. *Peckham*, 15 Mass. 248, is a case directly in
point; the plaintiff in that case was arrested for an alleged
assault and battery, and tried and convicted before a justice.
On appeal to the circuit court of common pleas he was ac-
quitted. The Supreme Court held that the conviction be-
fore the justice, he having jurisdiction of the subject-matter,
was conclusive evidence that there was probable cause. *Par-*

*ker* v. *Huntington,* 2 Gray, 124; *Parker* v. *Farley,* 10 Cushing, 279.

In *Bitting* v. *TenEyck,* 82 Ind. 421, it is said by this court. " The conviction of the plaintiff is always evidence of probable cause, unless it was obtained chiefly or wholly by the false testimony of the defendant; generally, it is conclusive evidence of probable cause." It is further said : " And it has been held sufficient evidence of probable cause to show that the plaintiff was convicted of the offence before a justice of the peace who had jurisdiction, although he was afterwards acquitted on an appeal."

These decisions are in accordance with other holdings in regard to the law governing malicious prosecutions.

The burden of proof rests upon the plaintiff, in such cases, to prove the want of probable cause; and in this class of cases it has been held that where one lays all the facts before counsel, and acts in good faith upon an opinion given, it exonerates him from liability.

In Cooley Torts, p. 183, Mr. Cooley says: " It may perhaps turn out that the complainant, instead of relying upon his own judgment has taken the advice of counsel learned in the law, and acted upon that. This should be safer and more reliable than his own judgment, not only because it is the advice of one who can view the facts calmly and dispassionately, but because he is capable of judging of the facts in their legal bearings. A prudent man is therefore expected to take such advice; and when he does so, and places all the facts before his counsel, and acts upon his opinion, proof of the fact makes out a case of probable cause, provided the disclosure appears to have been full and fair, and not to have withheld any of the material facts," and this doctrine is adhered to by this court, and is distinctly and clearly stated in the case of *Paddock* v. *Watts,* 116 Ind. 146, 151, as follows: " Where one lays all the facts before counsel, and acts in good faith upon an opinion given, he is not liable to an action, even though it turn out that he was mistaken. But in

order that he may obtain immunity, he must have made a full and fair statement of all the facts known to him."

When the question arises upon the evidence it is usually a controverted fact as to whether the defendant did make a full and fair statement of all the facts known to him, and acted in good faith on the opinion given; but should it affirmatively appear in a complaint that the defendant did make a full and fair statement to counsel, and in good faith acted upon an opinion given, it would seem that it would show a case of probable cause on the part of the defendant, and render the complaint insufficient to withstand a demurrer; or if such a state of facts should be pleaded as a defence, it would be good to withstand a demurrer.

If it be a good defence, then it destroys the plaintiff's right of action when it is fully stated in his complaint.

One of the reasons upon which this rule is based is that when the prosecuting witness acts upon facts which are of such a character that when they are stated to a calm and dispassionate person, capable of judging, they lead him to conclude the person charged is guilty, they are such as to make a case of probable cause on which the prosecuting witness has the right to act; so in relation to a case like the one at bar, if the facts are such as lead a court of competent jurisdiction to try the offence, to act upon them and find the defendant guilty, it makes out a case of probable cause, and conclusively exonerates the prosecuting witness from liability, although an appeal may be taken and an acquittal had in the appellate court.

As said in *Paddock* v. *Watts, supra,* " Where one lays all the facts before counsel, and acts in good faith upon an opinion given, he is not liable to an action even though it turn out that he was mistaken."

So it may be said in a case where the judgment of conviction is appealed from and an acquittal had. If the prosecuting witness presented the facts to one court, competent to try the cause, and the court found the defendant guilty, it

makes out a case of probable cause, and exonerates him from liability though that court erred in its judgment. This is undoubtedly the true rule.

It is the duty of citizens when they are in possession of facts which, when fully and fairly presented to a calm and dispassionate lawyer, capable of determining whether such facts constitute a crime such as should be prosecuted and punished, or sufficient when presented to a court having jurisdiction to try the offence, to lead the court to act upon them, and find the defendant guilty, to take legal steps for the punishment of such offenders, and they should, when they act in good faith upon such facts, be exonerated from any liability in an action for malicious prosecution.

If it was averred or shown by the complaint in this case that such conviction had been procured by perjury or subornation of perjury on the part of the appellee, or by any fraud or collusion on his part, it would present a different question, but it contains no such averments.

The conclusion we have reached being in harmony with the ruling of the circuit court, the judgment must be affirmed.

Judgment affirmed, with costs.

Filed Nov. 26, 1890.