Louisville, New Albany and Chicago Railway Co. *v.* Hendricks.

Filed June 12, 1895.

No. 1,428.

## Louisville, New Albany and Chicago Railway Company *v.* Hendricks.

Malicious Prosecution.—*Probable Cause.*—*Finding of Examining Court.*—*Prima Facie Case.*—The finding of an examining court, binding the defendant over to the trial court, is, at the most, but *prima facie* evidence of the existence of probable cause, and all that is necessary to rebut such *prima facie* case is to exhibit such a state of facts as will fairly overcome such finding in the minds of the jury.

Same.—*Proof Required of Plaintiff.*—All that plaintiff is called upon to do is to satisfy the jury by a fair preponderance of all the evidence that the prosecution was commenced without probable cause.

Same.—*Malice.*—The jury may infer malice from the want of probable cause.

Same.—*Defense.*—*Advice of Counsel.*—Where it is disputed as to whether the facts were truly stated to the prosecuting attorney, and it is apparent that the affiant went to the prosecuting attorney not to obtain advice, but to make an affidavit, the defendant is not shielded from an action for malicious prosecution.

Same.—*Best Evidence.*—*Termination of Prosecution.*—*Parol.*—While the record is the best evidence to prove the termination of a prosecution, yet if such fact be proved by parol, without objection, it is sufficiently established.

Louisville, New Albany and Chicago Railway Co. *v.* Hendricks.

PRACTICE.—*Defendant Proceeding to Introduce Evidence After Motion for Verdict Is Overruled.—Waiver.*—Where at the close of plaintiff's evidence defendant moved for verdict in its favor, which motion was overruled, the defendant waived any error in the ruling upon the motion by proceeding to introduce its evidence.

SAME.—*Renewal of Motion.—Record.—Apellate Court Practice:*—Where the bill of exceptions does not disclose that such motion was renewed at the close of the evidence, the assertion of such fact in the motion for a new trial is not enough to authorize the appellate court to act upon it.

SAME.—*Facts, When Disputed.*—It cannot be said that the facts are undisputed where different inferences might be legitimately drawn therefrom.

From the Monroe Circuit Court.

*G. W. Kretzinger, E. C. Field* and *W. S. Kinnan,* for appellant.

*E. K. Miller, J. R. East* and *R. G. Miller,* for appellee.

GAVIN, J.—The appellee recovered judgment for damages on account of malicious prosecution by appellant.

In the complaint it is averred that appellant, by its officers and agents acting in the line of their duty, wickedly, wrongfully, and maliciously caused an affidavit to be filed with the mayor of Bloomington, charging appellee with the crime of larceny, upon which affidavit there was a hearing before the mayor, and as a result thereof appellee was bound over to the circuit court where said cause afterwards came on for trial when said appellee was acquitted and discharged. It is further averred that said affidavit was so filed, and said arrest and imprisonment had, without probable cause of appellee's guilt.

Appellant with much earnestness contends that this pleading is bad because it appears therefrom that the mayor, on the preliminary examination, adjudged that

there was probable cause, and the effect of this adjudication could only be avoided by ''further averring that the evidence upon which the mayor founded his judgment convicting appellee of probable cause was not only false, but was so known to be to Healy (appellant's agent), and that such known false evidence was maliciously procured by him.''

Appellant seeks to apply here the rule laid down in *Adams* v. *Bicknell*, 126 Ind. 210, wherein it was held that conviction before a justice of the peace must be regarded as conclusive evidence of probable cause, even though there had been an appeal from this judgment and an acquittal in the higher court. The inapplicability of that decision to cases such as this where the justice or mayor sits as an examining court merely, and not as a trial court, was expressly declared in *Darnell* v. *Sallee*, 7 Ind. App. 581.

The cases there cited abundantly sustain the proposition that the finding of the examining court is, at the most, but *prima facie* evidence of the existence of probable cause, and that to rebut this *prima facie* case it is not necessary to attack that judgment as procured by fraud. All that can be required on trial is the exhibition of such a state of facts as will fairly rebut and overcome this finding in the minds of the jury. The averment of the nonexistence of probable cause is sufficient to furnish a proper foundation for this proof. *Ross* v. *Hixon*, (Kan.) 26 Pac. Rep. 955 ; *Spalding* v. *Lowe*, 56 Mich. 366 ; *Ash* v. *Marlow*, 20 O. 119 ; *Ewing* v. *Sanford*, 19 Ala. 605 ; *Raleigh* v. *Cook*, 60 Tex. 438 ; *Hale* v. *Boylen*, 22 W. Va. 234 ; *Bacon* v. *Towne*, 4 Cush. 217 ; *Diemer* v. *Herber*, 75 Cal. 287 ; *Ganea* v. *Southern Pac., etc., R. R. Co.*, 51 Cal. 140.

As was said in *Ross* v. *Hixon, supra:* ''It follows that the other suggestion of counsel, that the finding of

the magistrate must be directly attacked in the petition for fraud or undue means, is without force; because, as that finding is only *prima facie*, all that is necessary for the plaintiff to do to win is to overthrow it by a preponderance of evidence."

In the cases of *Crescent, etc.,* v. *Butchers Union, etc., Co.*, 120 U. S. 141; *Phillips* v. *Kalamazoo*, 53 Mich. 33, and *Spring* v. *Besore*, 12 B. Mon. 551, the judgments relied on were, as in *Adams* v. *Bicknell, supra*, final judgments of trial courts upon the merits of the causes. They do not therefore supply appellant's needs.

The complaint, in our opinion, contains all the allegations essential to its sufficiency.

At the close of the appellee's evidence, the appellant filed a motion asking the court to direct the jury to return a verdict in its favor, which motion was overruled. By subsequently proceeding to introduce its evidence it waived any error in the ruling upon this motion. *Citizens St. R. R. Co.* v. *Stoddard*, 10 Ind. App. 278; Elliott App. Proced. 687; *Poling* v. *Ohio River R. Co.*, 38 W. Va. 645; *Columbia, etc., R. R. Co.* v. *Hawthorne*, 144 U. S. 202.

It is said by counsel that this motion was renewed at the close of the evidence, but we have been unable to find any statement to that effect in the bill of exceptions. The assertion of the fact in the motion for new trial is not enough to authorize this court to act upon it. It must be made to appear by the bill of exceptions.

Under this head, however, and that of the insufficiency of the evidence, counsel argue at much length that the facts are absolutely undisputed in any particular, and that there was therefore nothing to be submitted to the jury.

In this view of the evidence we cannot concur. One of the most important circumstances related by Healy to justify his action in charging the appellee with the

crime was the fact, as stated by Healy, that Grant Nelson, a co-employe of appellee, told him before the affidavit was filed that he had informed "Hendricks that some coal was stolen down there and Hughes was making a fuss about it and he was accused of taking it and had better go and settle for it, and he said he would go and settle for it." Nelson denied entirely having made any such statement to him or any one else, or that any such conversation occurred between himself and appellee. According to Nelson's evidence he stated to Hendricks that Clarke (appellant's freight and ticket agent) had told him to see him (Hendricks) and tell him that "he had better come up and fix it up about some coal that Mr Hughes had missed and was mad about it. I just asked John if he would go and see him about it." Hendricks said he did not know anything about it, but would go and see him about it. Nelson further testified that he told Clarke he had seen Hendricks and he would come and see him. Clarke, however, testified that he told Nelson to see Hendricks and, if he got the coal, to have it fixed up, and Nelson had reported that Hendricks said he would go and see Mr. Hughes and fix it up. There is plainly the widest discrepancy between these different statements. The one is entirely consistent with innocence, while the other points strongly toward guilt. There are other points as to which, to say the least, different inferences or conclusions of fact might well be drawn. We have, however, specified enough to show that appellant's position is untenable when it asserts that the facts were absolutely undisputed and therefore there was solely a question of law to be determined as to whether or not those facts constituted probable cause. *Pennsylvania Co.* v. *Weddle,* 100 Ind. 138; *Cottrell* v. *Cottrell,* 126 Ind. 181.

The appellee was not required to show that the finding of the mayor was not supported by sufficient evidence. All that he was called upon to do (so far as this branch of the case was concerned) was to satisfy the jury, by a fair preponderance of all the evidence adduced by either party, that the prosecution was commenced without probable cause. The injustice of the rule asserted by the appellant is clearly manifested in this case, where some of the most important matters of evidence against appellee consisted of alleged admissions made after his arrest and the finding in his woodshed, at that time, of coal similar to that lost. Neither of which facts were or could have been known to appellant when the affidavit was filed, or could have then operated on its agent's mind to induce a belief of guilt, the evidence as to the coal indicating that it had been purchased from Hughes' coal yard and hauled into the woodshed shortly before the arrest.

It was competent for the jury to infer malice from the want of probable cause. *Bitting* v. *Ten Eyck*, 82 Ind. 421 ; *Heap* v. *Parrish*, 104 Ind. 36.

Counsel further urge that appellant must be deemed innocent of any wrong under the principle declared in *Adams* v. *Bicknell, supra,* and *Paddock* v. *Watts*, 116 Ind. 146, that "where one lays all the facts before counsel and acts in good faith upon an opinion given, he is not liable to an action even though it turn out that he was mistaken."

There are two serious infirmities in this position assumed : 1st. There is dispute as to whether the facts were truly stated to the prosecuting attorney. *Flora* v. *Russell*, 138 Ind. 153. 2d. It is perfectly apparent from his own testimony that Healy, its agent, who made the affidavit, went to the prosecuting at-

torney, not to obtain advice, but to get an affidavit. He neither asked nor received any advice. Consequently he could not have acted on it.

While appellee's proof may not be strong there is no such lack of evidence on any material point as would justify us in saying it was insufficient.

Neither was there any error in overruling appellant's objections to evidence.

Judgment affirmed.

Filed April 3, 1895.

## ON PETITION FOR A REHEARING.

GAVIN, J.—Counsel for appellant very courteously, but with much zeal, urge that the court was in error.

1st.  Because no malice was shown. As to this proposition we need add nothing to what was said in our original opinion, which in our judgment fully meets the objection of counsel.

2nd.  It is insisted that the evidence was insufficient because it was essential that appellee should prove the termination of the prosecution, and that although there was parol evidence that he was tried on the charge in the circuit court and acquitted, yet the record was the best and only evidence, and in the absence of the record the fact was not established. The proof was made by the evidence of the prosecuting attorney without objection by appellant.

While the record was undoubtedly the best evidence, yet when a fact properly provable by writings is permitted to be proved by parol it is nevertheless established. The objection should have been made when the evidence was offered.

*Pennsylvania Co.* v. *Stanley*, 10 Ind. App. 421; *Graves* v. *State*, 121 Ind. 357.

Moreover, no such question was presented on the original hearing. On the contrary it is expressly stated in appellant's brief in the statement of facts, at pp. 4 and 5: "Thereafter, and at the March term of the circuit court an information was filed pursuant to the statute, whereon appellee was tried in the circuit court and acquitted." "Upon the acquittal of appellee he brought this suit."

Petition overruled.

Filed June 12, 1895.