## WONG HOON KAN *v.* LUI YAN.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED MAY 8, 1905.              DECIDED MAY 10, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

EXCEPTIONS, EVIDENCE—*objections other than those made at trial, not considered on appeal.*

> When the only objection made in the trial court to a question in regard to the plaintiff's reputation was that the witness had not qualified to testify on that subject, other objections made to the form of the question for the first time on the appeal will not be considered.

ID.—*responsiveness of answer.*

> In an action for malicious prosecution, it is not error to refuse to strike out as not responsive an answer that the plaintiff's reputation was good before his arrest—to a general question as to what his reputation was.

ID.—*harmless error, facts otherwise proved.*

> It is not reversible error to allow an improper question when the facts to prove which the question was asked are otherwise proved.

DIRECTING VERDICT—*at close of plaintiff's case, defendant not resting.*

> It is not reversible error to refuse to direct a verdict for the defendant at the close of the plaintiff's case, even though the plaintiff has not made out his case, unless the defendant rests.

### OPINION OF THE COURT BY FREAR, C.J.

This was an action in the circuit court for a malicious prosecution of the plaintiff on a charge of burglary in the second degree upon the complaint of the defendant in the district court of Hamakua, which prosecution was terminated by the entry of a nolle prosequi. The plaintiff obtained a verdict for $300 and

the defendant brings the case here upon eleven exceptions, all of which, except those referred to below, are expressly aban- doned.

Exception 2 was taken to the allowance of a question put to one of the plaintiff's witnesses in regard to the plaintiff's repu- tation. The witness had testified that he had lived in Hamakua eleven or twelve years and had known the plaintiff, who also lived in Hamakua, about eight years, and had replied affirma- tively to the question, "Do you know the reputation of Wong Hoon Kan in the community in which he lives?" He was then asked, "What is that reputation?", to which objection was made on the ground that the witness had not qualified. The question is objected to now on the ground that it called merely for the reputation and not for the general reputation of the plaintiff, and that, since the evidence would be admissible, as contended, only as tending to show that the defendant acted without prob- able cause, the question was not framed, as it should have been, so as to include knowledge on the part of the defendant of the plaintiff's good reputation. The objection made in the trial court was not well founded and the objections now made in this court cannot avail, even if well founded, for the reason that they were not made in the trial court.

Exception 3 was taken to the refusal to strike out the answer given to the question objected to under exception 2, on the ground that it was not responsive, the answer being "Before he was arrested, he had a good reputation." Although the question in form related to the present, it was of a general nature and was evidently intended to refer to the plaintiff's reputation in general·or prior to, or irrespective of the effect of, the arrest and not merely to the time subsequent to the arrest. The answer was within the scope of the question as it was evidently intended and was in itself entirely competent.

Exception 4 was taken to the allowance of the next question, which was: "What is his reputation now after the arrest?", to which objection was made solely on the ground that the witness

had not been shown qualified to testify upon the subject. This exception is disposed of by the ruling upon exception 2 above.

Exception 5 was taken to the allowance of a question put to another witness of the plaintiff, as follows: "As sheriff of the Island of Hawaii I will ask you whether or not it becomes one of your duties to receive from the magistrates complaints having been filed in our courts and whether or not you are under bond to retain these complaints, to keep them ?", which question was objected to on the ground that the law provides what the district magistrates shall do with the papers. This question was put apparently as tending to show, along with other evidence, that a document produced by the witness was the warrant under which the plaintiff was arrested—for the purpose of showing the plaintiff's arrest upon the defendant's complaint. If it was error to allow this question, the error was harmless, for the issuance of the warrant and the arrest of the plaintiff on defendant's complaint were fully shown otherwise. The defendant himself testified that this warrant was issued and that the plaintiff was arrested, and the witness to whom this question was put testified that he received the document through the mail from the deputy sheriff of Hamakua, and that what purported to be the signatures of the deputy sheriff and of the district magistrate upon the warrant looked like the signatures of those officers, with which the witness was familiar.

Exception 8 was taken to the denial of defendant's motion for a directed verdict at the close of plaintiff's case based on the ground that the plaintiff had failed to show probable cause and malice. Even if the plaintiff had failed to show probable cause and malice and a verdict might properly have been directed for the defendant at that stage of the case, it was not reversible error to refuse to do so, the defendant not having rested. When the motion was denied the defendant proceeded with his case and put on evidence upon his part. That amounted to a waiver of the exception. As stated in *Walker v. Windsor Nat. Bnk.*, 56 Fed. 78, "This court cannot be required to take cognizance of the exception to the refusal to direct a verdict for

defendants before they had rested their case.     *     *     *
Neither party can except to what is not a matter of right, and
it is not a matter of right according to the common law to
ask the court to sum up to the jury, until the evidence is closed.
*     *     *     Moreover, the patience of the court cannot be
demanded twice on the same proposition,—once at the close of
the plaintiff's proofs, and again at the close of defendant's."
These views have been held repeatedly.   The following are a
few of the cases: *Sigafus v. Porter,* 179 U. S. 121; *Columbia
R. Co. v. Hawthorne,* 144 U. S. 206; *Fulkerson v. Chisna M.
&I. Co.,* 122 Fed.784;*Louisville Etc. R. Co. v. Hendricks,* 13
Ind. App. 13; *Bopp v. N. Y. E. V. T. Co.,* 177 N. Y. 34;
*Wetherbee v. Potter,* 99 Mass. 359; *Barabasv v. Kabat,* 91 Md.
59 (46 Atl. 339); *Thompson v. Avery,* 11 Utah, 223; *Moreley
v. Ins. Co.,* 85 Mich. 217.

The exceptions are overruled.

*M. T. Furtado* for plaintiff.

*A. S. Humphreys* for defendant.