## Walter *versus* Sample.

If a prosecutor has fairly submitted to his counsel all the facts that he knows are capable of proof, and has acted *bonâ fide* on the advice given, he negatives, if not the malice, the want of probable cause, and is not liable to an action for malicious prosecution, even though the facts did not clearly warrant the advice and prosecution.

The application to counsel, and their opinion, to be available in establishing probable cause, must not be resorted to as a mere cover for the prosecution, but must be the result of an honest and fair purpose: and the statement made at the time by the prosecutor to his counsel must be fair and full, and consistent with that purpose.

ERROR to the District Court of *Allegheny county.*

This was an action on the case for malicious prosecution. Upon the trial of the cause, defendant's counsel, called Jacob Whitesell, Esq., a member of the bar, who testified as follows:—

" Mr. Sample stated to me the facts of the case, and I advised him to go before the mayor and make information, and have the parties arrested and examined. He acted under my advice, so far as arresting the boys, and having an investigation of the matter, and the trial in Court."

The Court instructed the jury, *inter alia,* as follows:—

" The opinion of private counsel cannot amount to proof of probable cause, unless the facts clearly warrant it, and were correctly stated."

Assignment of error: The Court erred in instructing the jury that " the opinion of private counsel cannot amount to proof of probable cause, unless the facts clearly warrant it, and were correctly stated."

*Marshall* and *Brown,* for plaintiff in error.

*J. T. Cochran,* for defendant in error.

The opinion of the Court was delivered by

WOODWARD, J.—This was an action on the case for malicious prosecution, and the only question presented by the record is, whether the Court were right in instructing the jury that " the opinion of private counsel cannot amount to proof of probable cause, unless the facts clearly warrant it, and were correctly stated." Ever since the case of Farmer *v.* Darling, 4 *Burr.* 1971, it has been held that malice, either express or implied, and the want of probable cause, must both concur to support actions of this

[Walter *v.* Sample.]

nature. The presumption of law is, that every public prosecution is founded in probable cause, and the burden is, therefore, in the first instance, on the plaintiff; but when he has submitted evidence of want of probable cause, or of circumstances from which a violent presumption would arise that it was wanting, the burden of proof is shifted on to the defendant, and then it is competent for him to show that he acted under professional advice. To make this defence available, he must show that he submitted all the facts which he knew were capable of proof fairly to his counsel, and that he acted *bona fide* on the advice given. This proved, he negatives, if not the malice, the want of probable cause. I accede to the proposition, said BAYLEY, J., in Ravengè *v.* McIntosh, 2 *B. & C.* 693, that if a party lays all the facts of his case fairly before counsel, and acts *bona fide* upon the opinion given by that counsel (however erroneous that opinion may be), he is not liable to an action of this description. See the cases cited 2 *Saunders' Pleading & Evidence* 659–60 (marginal).

In Sumner *v.* Wilt, 4 *Ser. & R.* 24, Judge DUNCAN plainly intimated his opinion that such evidence would be a defence to the action, as negativing the imputation of malice; and in the case of Hall *v.* Smith, reported in 7 *Leg. Intelligencer* 7, the District Court of Philadelphia treated such evidence as an answer to the imputation both of malice and want of probable cause, between which, it was said, there is no difference in the consideration of a matter of this kind.

The opinion of Judge ROGERS at Nisi Prius, in the case of LeMaistre *v.* Hunter, *Brightly's Rep.* 498, which seems to have been the authority followed by the Court below, is not, when taken altogether, in conflict with the current of authorities. The facts are not given in reference to which he charged the jury in this language: "In conformity to a point put by counsel for the plaintiff, I instruct you that the opinion of private counsel of a prosecution cannot amount to proof of probable cause, nor prevent a recovery, unless the facts clearly warrant it, and are correctly stated. Even the application to counsel, and their opinion, in order to be available in the establishment of probable cause, must not be resorted to as a mere cover for the prosecution, but must be the result of an honest and fair purpose; and the statement made at the time, must be fair and full and consistent with that purpose."

This is no more than a statement of the general rule with its necessary qualifications. Nevertheless, the words, "*unless the facts clearly warrant it,*" found both in Judge ROGERS's opinion and that under review, are ill chosen, because liable to misapplication. "Unless the facts clearly warrant" what? the opinion of counsel, or the prosecution? Whichever be the antecedent

[Walter *v.* Sample.]

intended, it is apparent that these words would make the defence depend for its value wholly on the soundness of the legal opinion. If the facts must clearly warrant the legal opinion, that, to be a defence, must be the very judgment of the law on the facts; if they must clearly warrant the prosecution, then the defence is complete without the professional opinion; and thus, either way, it goes for nothing. No matter how candidly and faithfully a prosecutor has submitted the facts to his legal adviser and followed his advice, if they turn out insufficient for the support of the prosecution, he is liable in an action for malicious prosecution. On this principle every acquittal of a defendant would be followed by such an action. A qualification of the rule in terms like these, destroys the rule itself.

The law is not so. Professors of the law are the proper advisers of men in doubtful circumstances, and their advice, when fairly obtained, exempts the party who acts upon it from the imputation of proceeding maliciously and without probable cause. It may be erroneous, but the client is not responsible for the error. He is not the insurer of his lawyer. Whether the facts amount to probable cause, is the very question submitted to counsel in such cases; and when the client is instructed that they do, he has taken all the precaution demanded of a good citizen.

To manifest the good faith of the party, it is important that he should resort to a professional adviser of competency and integrity. He is not, in the language of Judge ROGERS, to make such a resort "a mere cover for the prosecution;" but when he has done his whole duty in the premises, he is not to be made liable, because the facts did not clearly warrant the advice and prosecution. The testimony here was, that Sample stated the facts of the case, and there is no suggestion on the record that they were not fairly stated. Suppression, evasion, or falsehood, would make him liable; but if fairly submitted, and if the advice obtained was followed in good faith, he had a defence to the action, and the Court should have given him the benefit of it.

The judgment is reversed and a *venire de novo* awarded.