Mr. Justice Hasner
delivered the opinion of the court.
This was an action for malicious prosecution. The plaintiff, Porter, alleges that White falsely and maliciously and without probable cause brought against him a charge of perjury and procured his arrest; that he was taken before the police court, and that his case was afterwards examined by the grand jury, who ignored the bill, and he was discharged.
At the trial of the case the plaintiff introduced evidence to show the zealous, and, as he claimed and insisted, the malicious manner in which the defendant proceeded. He then introduced the subject-matter of the alleged perjury, *184 which was a bill in chancery, filed by Porter against White and others. That bill was filed to procure from the court in equity a decision that a certain assignment which Porter had made of his interest in a claim before the Mexican Commission, which was an absolute assignment, should be decreed to be but a conditional assignment. In his bill he stated that he had made an assignment to White, in form absolutely, but that really it was a security for a sum of money which White had loaned him.
The bill prayed for an answer and prayed for a decree, but it did not pray for an injunction or a receiver or a ne exeat. Nevertheless, it was sworn to before the clerk of the court, and that was the matter which White alleged was perjury. White’s contention was that this was an absolute out and out assignment; and when he came to his defence, he showed that in another controversy between all these parties Porter had sheltered himself from that suit by saying he did not have any money ; that it had all been absolutely assigned. He then introduced evidence to show that the particular proceeding in which this bill was filed had been carried to a conclusion and the bill had been dismissed ; and also evidence to show that he had acted on the advice of counsel in causing the arrest of the plaintiff, and disclaimed all malice whatever.
The case was sent to the jury upon the prayers offered by both sides. As the matter stands we are obliged to rule upon the correctness of all these prayers and to give our decision accordingly, although in this case different action might have been had if the case had been differently presented.
The plaintiff asked the court first to instruct the jury that neither the law nor the rules of the court required the bill in the equity cause to be sworn to; and hence, the charge of the crime of perjury could not be assigned upon the oath thereto, although it might have been false. If the prayer had stopped there, it should have been granted, as it recited a correct proposition of law. So of the third prayer. The plaintiff asked the court to instruct the jury that the oath *185 made by tbe plaintiff to the bill filed in the equity cause was not required by law, and, being extrajudicial, perjury could not be based upon it.
The second prayer is nearly right, but is lacking in technical accuracy. It is presented here in the form of an abstraction, as follows:
“The jury are instructed that to constitute the crime of perjury there must be an oath authorized by law in an issue or cause to which the facts were material, and a false statement regarding such facts upon such issue or in such cause."
The principle intended to be set forth in the second and third" prayers, and in the first part of the first prayer, was correct. We are all of the opinion that that was not perjury. Perjury in this District may be either at the common law or it may be under that section of the statute which provides for punishment for the false swearing uf any person to anything which by the statute is required to be sworn to. But neither the common law principle nor the statute would embrace such a case as this. There is no obligation whatever on the part of a litigant to swear to a bill in equity, unless that bill asks for an injunction, ne exeat, or the appointment of a receiver. Therefore, it was an oath of which perjury cannot be predicated.
There is a plain reason for this. In some of the definitions of the law of perjury it appears that the oath must be an oath in injury of the rights of another. There is no way in which a false oath to a bill such as this can be considered an injury of the rights of another. If it had been a bill asking for an injunction, on which an injunction might have been granted by virtue of the bill having been sworn to, or even these other great processes granted in virtue of the bill being sworn to, then it might have been said that there was something the effect of which would result in injury to the other party.
We think it was proper, therefore, in the judge below, to reject the second and third prayers, although the second might well have been correct, because, as I say, it is a mere abstraction.
*186 The last part of the first prayer was of such a character that the judge was authorized to reject the whole of it. After saying that perjury could not be predicated of this oath, the prayer continues :
“And if the jury find that the defendant in this cause instituted, and carried on the prosecution, and that in doing so he was influenced by motives other than the bringing of a criminal to justice, they may find from these facts both want of probable cause and malice.”
It seems to us that that is an improper statement of the law of the case, because it authorizes the jury to find want of probable cause from the existence of malice. Putting it the other way, if the want of probable cause appeared, then the jury might, although they are not bound to do so, infer malice, but not the reverse.
The law on the subject is very well settled. It is not enough, of course, that this defendant, without authority, had the plaintiff arrested for perjury when it turned out afterwards that there was no perjury. That does not necessarily entitle the arrested man to recover. A great many prosecutions fail because the offence was not committed by the person charged, or because the offence was of a character different from that charged. The failure of conviction is not of itself evidence which would subject the party who moved in the prosecution to punishment. If it were so, people, would be extremely careful how they undertook to bring criminals to justice, and a great many would escape. There must be proof of malice on the part of the person who instituted the proceedings, and the jury must find a want of probable cause.
Malice is a matter exclusively for the jury; but the question of probable cause is one of mixed law and fact, and the proper practice is for the judge to assemble such facts as in his judgment would, if proved, establish probable cause; and to say to the jury if they find these facts, then probable cause existed, and the defendant is exonerated, because the two, malice and probable cause, must concur in the case.
*187 We pass to tbe prayers of the defendant which were granted. The first is as follows:
“To entitle the plaintiff to recover, the jury must find that in causing the plaintiff's arrest the defendant was actuated by malice, and that lie acted without probable cause.”
That was a perfectly correct statement of the law. The second prayer is:
“ The oath taken by plaintiff on which he was arrested for perjury was in effect that the assignment of September 20, 1876, of the Parsons claim, and that of June 14, 1877, of the Standish claim, although absolute by their terms, were not intended as a sale of the claims, but as a mortgage or pledge of them as a security for money; and if tbe jury find that such transfers were intended as sales, then there was probable cause for the plaintiff’s arrest, and he cannot recover in this action.”
The effect of that prayer is, that if Porter swore to what was false, then that fact alone amounts to probable cause. That is not so. It is not sufficient, as we have seen, for charging a man with perjury, to show simply that he swore to a lie. We think the court in its instruction omitted an all-important matter, namely: that although this defendant made’a blunder in supposing perjury had been committed, yet if he was led into it by the advice of counsel, that, placed with the fact of the false swearing, would, together, have amounted to probable cause.
The third prayer is as follows :
“If the jury find, from the evidence, that before the arrest tbe defendant made a fair and full statement to the United States attorney for this District, and to his counsel, learned in the law, of the facts in the case and of the oath which plaintiff had taken to the bill in chancery, and that defendant exhibited a written and sworn statement made by plaintiff, which contradicted the oath taken: and if the jury further find that the said district attorney and counsel advised the defendant to swear out a criminal information for perjury against the plaintiff, then these circumstances *188 may be- considered by the jury as tending to show the absence of malice.”
This prayer sets forth an excellent defence as to probable cause, but not as to malice.
In the case of Stewart vs. Sonneborn, 98 U. S., 191, Mr. Justice Strong, after stating the facts of a case where a prosecuting party had received advice from his counsel, goes on to say that those facts, if believed by the jury, were a perfect defence to the action; that they constituted, in law, a probable cause, and being such, that malice alone, if there was such, was insufficient to entitle the plaintiff to recover is, in view of the decisions, beyond doubt. Snow vs. Allen, 1 Stark.,502; Ravenga vs. Mackentosh, 2 Barn. & Cress., 693; Walter vs. Sample, 25 Pa., 275 ; Cooper vs. Utterbach, 37 Md., 282 ; Olmstead vs. Partridge, 16 Gray (Mass.) 381.
“ These cases and many others that might be cited, show that if the defendants in such a case as this acted bona fide upon legal advice, their defence is perfect.”
The fourth prayer is as follows:
“The finding of the General Term of this court, December 24, 1883, that the assignments of Parsons against Mexico, and of Stan dish against Mexico, were sales and not mortgages, is evidence between these parties, until reversed, that there was probable cause for the prosecution instituted by the defendant.”
If this meant that it could be so considered, the instruction was correct. If, however, it meant that the finding of the General Term was conclusive evidence of probable cause, then the instruction was incorrect.
When we come to the charge of the court to the jury, we find it must have been meant in the latter sense, because at the conclusion of the charge by the court and before the jury had retired, one of the jurors asked the court: “ If the jury should find that the assignments mentioned in the bill in chancery were absolute, did that constitute probable cause?” And the court answered: “In my opinion it does.” That is to say that if the jury found that there was an assignment then this defendant was justified in having the plaintiff *189 arrested for perjury, even though it turned out afterwards that there was no perjury.
We are obliged to observe these errors and to remand the case for a new trial.