Cooper v. Flemming.

## COOPER v. FLEMMING.

*(Nashville.* December Term, 1904.)

1. **MALICIOUS PROSECUTION.** Advice of counsel tends to rebut malice.

In an action for malicious prosecution, the fact that the defendant acted on the advice of counsel in the prosecution for which he is sued may properly be considered by the jury as tending to rebut the existence of malice. (*Post, p.* 46.)

Case cited: Brewer v. Jacobs (C. C.), 22 Fed. R., 217.

2. **SAME.** Advice of counsel furnishes immunity from damages for, when.

That the defendant in an action for malicious prosecution commenced the prosecution for which he is sued in pursuance of the advice of counsel establishes the existence of probable cause and, as a matter of law, entitles the party sued to complete immunity from damages, provided: such advice was honestly sought, and all the material facts relating to the case, ascertained or ascertainable by due diligence, were presented to the counsel. (*Post, pp.* 46-52.)

Citations: Note to Ross v. Hixon, 26 Am. St. Rep., 144; Cooley on Torts, p. 183; Newell on Malicious Prosecution, p. 255, note.

Case cited and distinguished: Graham v. Life Association, 98 Tenn., 61, 37 S. W., 995.

Cases cited and disapproved: Hall v. Hawkins, 5 Humph., 359; Kendrick v. Cypert, 10 Humph., 291.

Cases cited and approved: Stewart v. Sonneborn, 98 U. S., 196, 25 L. Ed., 116; Snow v. Allen, 1 Stark., 502; Ravenga v. Mackintosh, 2 Barn. & C., 693; Walter v. Sample, 25 Pa., 275; Cooper v. Utterbach, 37 Md., 282; Olmstead v. Partridge, 16 Gray, 381; Ash v. Marlow, 20 Ohio, 119; Hill v. Palm, 38 Mo., 13; Eastman v. Keasor, 44 N. H., 519; Wicker v. Hotchkiss, 62 Ill., 107; An-

Cooper v. Flemming.

derson v. Friend, 71 Ill., 475; Davis v. Wisher, 72 Ill., 262; Stone v. Swift (Mass.), 4 Pick., 389; Whitfield v. Westbrook, 40 Miss., 311; Leaird v. Davis, 17 Ala., 27; Levy v. Brannan, 39 Cal., 485; Blunt v. Little, 3 Mason, 102, Fed. Cas. No. 1578; Sappington v. Watson, 50 Mo., 83; Glascock v. Bridges, 15 La. Ann., 672; Bartlett v. Brown, 6 R. I., 37; Davenport v. Lynch, 51 N. C., 545; Paddock v. Watts, 116 Ind., 146; Adams v. Bicknell, 126 Ind., 210.

Other cases cited: Maudlin v. Ball, 104 Tenn., 598, 58 S. W., 248; Morgan v. Duffy, 94 Tenn., 686, 30 S. W., 735; Vance v. Phoenix Ins. Co., 4 Lea, 385; Memphis Gayoso Gas Co. v. Williamson, 9 Heisk., 342.

3. **CHARGE OF COURT.** Error to charge that advice of counsel is not sufficient evidence of probable cause if unsound in law.

An instruction to the jury in an action for damages for an alleged malicious prosecution on a charge of wilfully and wantonly breaking and throwing down the fence inclosing the land of another, that "the advice of the district attorney would be sufficient evidence of probable cause, provided such advice was warranted by the law governing the offense of wantonly and wilfully throwing down the fence of another" is reversible error. (*Post, pp.* 46, 47.)

4. **SAME.** Error to charge that jury are to determine whether advice of counsel was sound in law.

It was also reversible error to instruct the jury in such case that "whether the opinion of the attorney-general was justified by the foregoing statute was a question to be determined by the jury." (*Post, p.* 47.)

5. **SAME.** Refusal to charge. Error to decline to charge that advice of counsel, properly obtained, constitutes probable cause, although erroneous in law.

It was also reversible error, in such case, for the trial judge to decline to charge, although requested so to do, that "the advice of the district attorney, based upon an honest and full presenta-

Cooper v. Flemming.

tion of all the material facts, would constitute probable cause, and a complete defense to the action, although such advice was based upon an erroneous construction of the statute." (*Post, pp. 47, 52.*)

See cases cited under headnote 2.

6. **PROBABLE CAUSE. A mixed question of law and fact.**
The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show it are true and existed is a matter of fact, but whether, supposing them to be true, they amount to a probable cause, is a question of law. (*Post, p. 52.*)

7. **SAME. Same. Proper practice.**
It is the duty of the court, when evidence has been given to prove or disprove probable cause, to submit to the jury its credibility and what facts it proves, with instructions that the facts found amount to probable cause, or that they do not. (*Post, pp. 52, 53.*)

Cases cited and approved: Stewart v. Sonneborn, 98 U. S., 187; Memphis Gayoso Gas Co. v. J. M. Williamson et al., 9 Heisk., 342.

FROM PUTNAM.

Appeal in the nature of a writ of error from the Circuit Court of Putnam County.—CORDELL HULL, Judge.

L. D. SMITH, O. C. CONATSER, A. ALGOOD, THOS. FINLEY and JAMES COOPER, for Cooper.

HAMILTON PARKS, T. L. DENNY, and O. K. HOLLADAY, for Flemming.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The plaintiff below, Glen Flemming, recovered a verdict and judgment against William Cooper· for the sum of $1,500, as damages for an alleged malicious criminal prosecution. Pending a motion for a new trial, a remittitur of $500 was entered, and thereupon the court pronounced judgment in favor of the plaintiff for $1,000.

The defendant, William Cooper, appealed, and has assigned errors.

The present suit grew out of the indictment of the defendant in error, Glen Flemming, in the circuit court of Putnam county, at the instance of William Cooper, on a charge of willfully and wantonly breaking and throwing down the fence inclosing the land of said Cooper. The indictment was based on subsection 10, section 6496, Shannon's Code, as follows:

"It is declared to be a misdemeanor to willfully and wantonly break, thrown down, mar, deface or otherwise injure any fence, hedge or ditch inclosing the land of another."

At the May term, 1900, Flemmin  was tried on said indictment and acquitted. He· thereupon instituted the present action against William Cooper for the malicious prosecution of said criminal cause.

The facts disclosed in the record are that on the 25th of August, 1898, William Cooper, for a valuable consideration, bought of Jesse and Lucinda Welch a tract

of land comprising about seventy-five acres, and being a portion of what is denominated in the record the "Huddleston Tract." It appears that Jesse and Lucinda Welch had been in possession of this land, by house and inclosures, since 1874. At the date of said purchase Welch had a small inclosure, of a quarter of an acre, upon said 75-acre tract. It also appears that at the date of the Cooper purchase Mrs. Cornelia Flemming, mother of the defendant in error, also had a deed covering this tract of land, and was asserting title thereto. In October, 1899, the husband of Mrs. Flemming, learning of this inclosure upon the land, and that it was claimed by Cooper, went and removed the same. Cooper, upon learning that Flemming had torn down this inclosure, went to Flemming, and informed him that the inclosure was his; that he (Cooper) had purchased the land from Welch, with said inclosure erected thereon—and informed Flemming that he (Cooper) intended to rebuild the inclosure, and admonished him not to tear it down again. Shortly thereafter, Cooper rebuilt the fence, inclosing about one-fourth of an acre, and caused it to be planted in corn. Thereupon the defendant in error, Glen Flemming, acting under the direction and authority of his father and mother, again tore down this improvement, throwing part of the rails over the bluff. Cooper thereupon consulted the Honorable M. G. Butler, attorney-general of the district, and laid before him the facts already stated, and, in addition, communicated the fact to the attorney-general

that Mrs. Flemming, the mother of the defendant in error, Glen Flemming, asserted title to the land, and had title papers covering the same, but that he was in possession of the property, and that the Flemmings had no possession upon this strip of land upon which the inclosure was located. The attorney-general, upon the state of facts disclosed to him, was of opinion that it was not a question of title, but of possession, and advised a criminal prosecution against the defendant in error, Glen Flemming. The indictment was thereupon found, with the result already stated.

Now it is insisted in behalf of the plaintiff in error that the uncontradicted evidence shows that, before commencing said criminal prosecution, Cooper consulted the district attorney-general, and laid before him all the facts of the case, whereupon said district attorney advised that the facts so stated constituted an offense against the statute, and that said prosecution was begun and carried on in good faith under· said advice. It is maintained that there is no evidence whatever to show want of probable cause, and that the advice of the district attorney was a complete defense to this suit.

It is insisted, however, on behalf of the defendant in error, that the plaintiff in error, Cooper, failed to disclose to the district attorney two material facts, viz.:

(1)   That he (Cooper) had made a survey and map for J. G. Flemming and wife, showing a deraignment of the Flemming title to this land, and also the Huddleston entry, exhibiting the conflict between the titles,

and the superiority of the Flemming claim under the paper title.

(2)    It is further insisted that the plaintiff in error failed to disclose to the district attorney the fact that after he bought the land he had told J. J. Flemming and Glen Flemming that he knew nothing of the inclosure in controversy, and had nothing to do with it.

What, then, is the legal effect of the advice of the official representative of the State in respect of this matter?

In some cases it has been held that advice of counsel should be considered rather as tending to rebut malice, than as bearing upon the issue of probable cause. *Brewer* v. *Jacobs* (C. C.), 22 Fed., 217.

While it is true that the advice of counsel may properly be considered by the jury as tending to rebut the existence of malice, we think the weight of authority is that its fundamental purpose is to establish the existence of probable cause, and when said advice has been honestly sought, and all the material facts relating to the case, ascertained or ascertainable by the exercise of due diligence, have been presented to counsel, and a prosecution is commenced in pursuance of such advice, then it is the province of the court to charge the jury, as matter of law, that such advice of counsel entitles the party sued to complete immunity from damages.    See extensive note to *Ross* v. *Hixon,* 26 Am. St. Rep., 144, where the authorities on this subject are collected.

The trial judge instructed the jury that the advice of

the district attorney would be sufficient evidence of probable cause, provided such advice was warranted by the law governing the offense of wantonly and willfully throwing down the fence of another. He further charged that, whether the opinion of the attorney-general was justified by the foregoing statute was a question to be determined by the jury. Counsel for plaintiff in error requested the court to charge that the advice of the district attorney, based upon an honest and full presentation of all the material facts, would constitute probable cause, and a complete defense to the action, although such advice was based upon an erroneous construction of the statute. His honor, however, refused the instructions asked.

We are of opinion that in the instructions given, and in the refusal of those submitted on this subject, the trial judge was in error. It is probable the error was committed in following instructions which had been given on this subject by the trial judge in *Graham* v. *Life Association*, 98 Tenn., 61, 37 S. W., 995. But an examination of that case will disclose that the question now being considered was not raised and the charge of the circuit judge was copied into the opinion for the purpose of showing that a supplemental request had been covered by the general charge. It is also true that in *Hall* v. *Hawkins*, 5 Humph., 359, it was said, "The fact that a party acted upon the opinion of counsel will not excuse him, if the statement of facts upon which the

opinion was founded was incorrect, or the opinion itself unwarranted."

So, in *Kendrick* v. *Cypert*, 10 Humph., 291, it was said, "The opinion of counsel, to be available, must be honestly sought and understandingly given." *Mauldin* v. *Ball*, 104 Tenn., 598, 58 S. W., 248; *Morgan* v. *Duffy*, 94 Tenn., 686, 30 S. W., 735; *Vance* v. *Phoenix Ins. Co.*, 4 Lea, 385; *Memphis Gayoso Gas Co.* v. *Williamson*, 9 Heisk., 342.

A review of the authorities has satisfied us that such a statement of the law is unsound, and in conflict with the overwhelming weight of authority in this country and in England. It is certainly a legal anomaly to say that a man, before commencing a criminal prosecution, may take the advice of counsel, but, if it turns out to be unsound, it affords no protection.

But it may be said that knowledge of the law must be imputed to the prosecutor, and that he cannot be deemed to proceed upon probable cause when the advice of counsel is contrary to the law. If this view be correct, then the advice of counsel, if erroneous, would cut no figure in the case, except as tending to rebut the presumption of malice that would arise from the absence of probable cause. As stated by the learned annotator in *Ross* v. *Hixon*, supra: "If the prosecutor's conduct is to be considered upon the assumption that he knew the law, the advice of counsel can never protect him. For, if the advice be correct, he is subject to no liability and needs no protection, but, if incorrect, he is charged

with knowledge of its incorrectness, and denied the defense of probable cause." But the great weight of authority, as well as the principle underlying this subject, is opposed to this view of the case.

In *Stewart* v. *Sonneborn*, 98 U. S., 196, 25 L. Ed., 116, the following request refused by the district judge was held to embody a sound principle of law, viz.: "If the jury believe from all the evidence that A. T. Stewart & Company acted on the advice of counsel in prosecuting their claim against Sonneborn in the circuit court of Barbour county, and, upon such advice, had an honest belief in the validity of their debt, and their right to recover in such action, and, in the institution of the bankruptcy proceedings, acted likewise on the advice of counsel, and under an honest belief that they were taking and using only such remedies as the law provides for the collection of a debt they believed to be a *bona fide* debt, they having first given a full statement of the facts in the case to counsel, then there was not such malice in the wrongful use of legal process by them as will entitle the plaintiff to recover in this form of action."

The court held that the facts stated in the point proposed, if believed by the jury, were a perfect defense to the action; that they constituted, in law, a probable cause; and, being such, that malice alone, if there was such, was insufficient to entitle the plaintiff to recover. Citing *Snow* v. *Allen,* 1 Stark., 502; *Ra-*

*venga* v. *Mackintosh,* 2 Barn. & C., 693; *Walter* v. *Sample,* 25 Pa., 275; *Cooper* v. *Utterbach,* 37 Md., 282; *Olmstead* v. *Partridge,* 16 Gray, 381.

"These cases," said the court, "and many others that might be cited, show that, if the defendants in such a case as this acted *bona fide* upon legal advice, their defense is perfect."

In *Ash* v. *Marlow,* 20 Ohio, 119, it was said that where a party has communicated to his counsel all the facts bearing on the case of which he has knowledge or could ascertain, and has acted upon the advice received honestly and in good faith, want of probable cause is negatived, and an action for malicious prosecution will not lie. *Hill* v. *Balm,* 38 Mo., 13; *Eastman* v. *Keasor,* 44 N. H., 519; *Walter* v. *Sample,* 25 Pa., 275; *Wicker* v. *Hotchkiss,* 62 Ill., 107, 14 Am. Rep., 75; *Anderson* v. *Friend,* 71 Ill., 475; *Davis* v. *Wisher,* 72 Ill., 262; *Stone* v. *Swift,* 4 Pick., 389, 16 Am. Dec., 349; *Whitfield* v. *Westbrook,* 40 Miss., 311; *Leaird* v. *Davis,* 17 Ala., 27; *Levy* v. *Brannan,* 39 Cal., 485; *Blunt* v. *Little,* 3 Mason, 102, Fed. Cas. No. 1,578; *Sappington* v. *Watson,* 50 Mo., 83; *Cooper* v. *Utterbach,* 37 Md., 282; *Glascock* v. *Bridges,* 15 La. Ann., 672; *Bartlett* v. *Brown,* 6 R. I., 37, 75 Am. Dec., 675; *Davenport* v. *Lynch,* 51 N. C., 545.

Mr. Cooley, the eminent legal writer, in his work on Torts, page 183, says:

"It may, perhaps, turn out that complainant, instead of relying upon his own judgment, has taken the advice

of counsel learned in the law, and acted upon that. This should be safer and more reliable than his own judgment, not only because it is the advice of one who can view the facts calmly and dispassionately, but because he is capable of judging of the facts in their legal bearings. A prudent man is therefore expected to take such advice; and when he does so, and places all the facts before his counsel, and acts upon his opinion, proof of the fact makes out a case of probable cause, provided the disclosure appears to have been full and fair, and not to have withheld any of the material facts."

This statement of the rule was approved by the supreme court of Indiana in the case of *Paddock* v. *Watts,* 116 Ind., 146, 18 N. E., 518, 9 Am. St. Rep., 832; in which case it was said:

"Where one lays all the facts before counsel, and acts in good faith upon an opinion given, he is not liable to an action, even though it turn out that he was mistaken. But in order that he may obtain immunity, he must have made a full and fair statement of all the facts known to him." *Adams* v. *Bicknell,* 126 Ind., 210, 25 N. E., 804, 22 Am. St. Rep., 576.

In analogy to th's rule on the subject of advice of counsel, it is held that, where the judgment of conviction is established, it is conclusive of the question of probable cause, provided the court had the jurisdiction of the parties and subject-matter, and the cause was presented by the prosecuting witnesses, and the judgment was not

procured by fraud or subornation of perjury. Newell on Malicious Prosecution, p. 255, note.

So in *Memphis Gayoso Gas Co.* v. *J. M. Williamson et al.*, 9 Heisk., 343, the action was to recover damages for the wrongful suing out of an injunction. It appears that the injunction was granted, and jurisdiction of the case entertained by Judge Trigg after argument; and this court held that fact, as matter of law, was sufficient evidence of probable cause, until overturned by evidence of fraud or improper conduct in procuring the decision to be made.

The charge of the circuit judge on the trial of the present case is further attacked upon the ground that he instructed the jury that whether the opinion of the attorney-general was justified by the statute was a question to be determined by them. The court was clearly in error in giving this instruction. The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show it are true and existed is a matter of fact, but whether, supposing them to be true, they amount to a probable cause, is a question of law. It is "the duty of the court, when evidence has been given to prove or disprove the existence of a probable cause, to submit to the jury its credibility and what facts it proves, with instructions that the facts found amount to probable cause, or that they do not." *Stewart* v. *Sonneborn*, 98 U. S., 187, 25 L. Ed., 116.

This is the established rule in this State. *Memphis Gayoso Gas Co.* v. *J. M. Williamson et al.*, 9 Heisk., 342.

Cooper v. Flemming.

In the latter case it was held, while the facts from which probable cause is to be deduced are to be tried by the jury, the deduction as matter of law must be made by the court. This must be done in one of two modes: Either the court must state hypothetically to the jury the facts relied on by both sides, and whether or not they will, if established, satisfy the allegations in the pleadings, or the jury must find the facts specially, and from such special verdict the court must determine whether a reasonable man would have instituted a suit on them.

Reversed.