IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 14, 2002 Session

## VIRGINIA ABERNETHY v. ROBERT S. BRANDT, ET AL.

**A Direct Appeal from the Circuit Court for Lawrence County**
**No. CC 66899      The Honorable Stella L. Hargrove, Judge**

_____

**No. M2002-00274-COA-R3-CV - Filed December 11, 2002**

_____

This is a malicious prosecution case. In the underlying case, plaintiff was sued by the defendants herein seeking recovery of damages for plaintiff's alleged fraud and embezzlement. In a bench trial, judgment was entered for plaintiff. Plaintiff filed the instant case alleging malicious prosecution. Defendants raise the defense of advice of counsel and their motion for summary judgment was granted. Plaintiff has appealed. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Douglas Thompson Bates, III, Centerville, For Appellant, Virginia Abernethy
John W. Rodgers, Murfreesboro, For Appellees, Myrin I. Lunkin and Naomi Lundin
Barbara J. Perutelli, Nashville, For Appellee, Keith M. Lundin
Paul B. Plant, Lawrenceburg, For Appellees, Ashley Wiltshire, Jr. and Susan Wiltshire
Elaine M. Youngblood, Nashville, For Appellees, Robert S. Brandt and Anne M. Brandt

**OPINION**

This is a malicious prosecution case, which arises from a prior action entitled ***R.B. Brandt, et al v. BIB Enterprises, Ltd., et al***, Lawrence County Circuit docket number 5965-92 (the "*Brandt v. BIB*" case). In 1982, a limited partnership, BIB Enterprises, Ltd. ("BIB") was formed. BIB purchased a building and land leased to a Bonanza Restaurant in Lawrenceburg. The limited partners were Robert S. Brandt ("Mr. Brandt"), his wife Anne Brandt ("Mrs. Brandt"), Ashley Wiltshire, Jr. ("Mr. Wiltshire"), his wife Susan Wiltshire ("Mrs. Wiltshire"), Myrin I. Lundin ("Mr. Lundin"), his wife Naomi Lundin ("Mrs. Lundin"), and Keith Lundin ("K. Lundin," and together with Mr. Brandt, Mrs. Brandt, Mr. Wiltshire, Mrs. Wiltshire, Mr. Lundin, and Mrs. Lundin "Defendants" or "Appellees"). Virginia Abernethy ( "Mrs. Abernethy," "Plaintiff" or "Appellant") was also a limited partner of BIB. Mrs. Abernethy is the wife of BIB's sole general partner, Greg Smith ("Mr. Smith").

The *Brandt v. BIB* case arose from a dispute between the Defendants and Mr. Smith concerning management fees paid pursuant to a Management Contract (the "Contract") entered on December 31, 1982. Under the Contract, Mr. Smith was to receive approximately $545.00 per month in management fees. After five years, he was to receive a percentage of BIB's income in lieu of the $545.00 payments. On March 14, 1983 and unbeknownst to the Defendants, Mrs. Abernethy entered into an agreement with Mr. Smith, whereby he agreed to pay her the $545.00 per month management fee. This amount was paid to Mrs. Abernethy through the end of 1990.[1] The Defendants confronted Mr. Smith about his continuing to receive monthly payments from BIB beyond the five year period outlined in the Contract. The dispute escalated and reached a head in August of 1992 when Mr. Smith put the Bonanza Restaurant up for sale over the objections of the Defendants and purchased it himself at auction.

On December 3, 1992, the Defendants filed the *Brandt v. BIB* case against Mr. Smith. During the course of discovery, William S. Fleming ("Mr. Fleming"), attorney for the Defendants, discovered that Mrs. Abernethy had received the above mentioned $545.00 monthly payments from BIB.[2] Because these payments exceeded her appropriate partnership distribution, Mr. Fleming determined that it was necessary to add Mrs. Abernethy as a defendant in the *Brandt v. BIB* case. On September 9, 1993, an Order amending the complaint was filed and Mrs. Abernethy was added.[3] The amended complaint also contained additional allegations, including conspiracy, fraud and embezzlement.

After a bench trial, judgment was entered against Mr. Smith for $53,516.77 and the allegations against Mrs. Abernethy were dismissed. On appeal, the judgment of the trial court was affirmed except that the amount of the judgment was reduced to $26,416.12, which reflected an offset of the purchase price paid by Mr. Smith.

On May 12, 1999, Mrs. Abernethy filed a complaint for malicious prosecution against the Defendants. Each Defendant answered the complaint and raised the affirmative defenses of probable cause and advice of counsel. Each Defendant, except Mr. Lundin and Mrs. Lundin, filed motions for summary judgment. After a hearing on November 29, 2001, the trial court granted the Defendants' motions for summary judgment by Order filed January 4, 2002. Subsequently, by Agreed Order filed January 29, 2002, the trial court granted summary judgment to Mr. Lundin and Mrs. Lundin.

---

[1] Defendants allege that, pursuant to the original Contract, payment of the $545.00 per month to Mr. Smith should have ceased December 31, 1987. Consequently, the monthly amount paid to Mrs. Abernethy from January 1988 through 1990 was money that was not due to Mr. Smith from BIB's funds.

[2] There is some discrepancy as to whether Mrs. Abernethy received BIB funds over the $545.00 monthly payments. The Defendants alleged in the *Brandt v. BIB* case that she was paid "several thousand dollars after December 31, 1987, that came out of the partnership funds that [neither] she [nor Greg Smith] were entitled to."

[3] The amended complaint also added Mrs. Brandt and Mrs. Wiltshire as plaintiffs.

Mrs. Abernethy appeals and raises two issues for review as stated in her brief:

> I.      Whether the trial court, without being asked by the Defendants/Appellees to so rule, erred in ruling that the Defendants/Appellees had probable cause to bring their amended complaint against the Plaintiff/Appellant.
>
> II. Whether the trial court erred in granting the Defendants/Appellees motions for summary judgment sustaining their position that there are no material disputes on facts related to the defense of advice of counsel.

### Whether the trial court, without being asked by the Defendants/Appellees to so rule, erred in ruling that the Defendants/Appellees had probable cause to bring their amended complaint against the Plaintiff/Appellant.

In order to prevail on a malicious prosecution claim, a plaintiff must prove that (1) a prior suit or judicial proceeding was instituted without probable cause, (2) a defendant brought such prior action with malice, and (3) the prior action was finally terminated in plaintiff's favor. **Roberts v. Federal Exp. Corp.**, 842 S.W.2d 246, 247-48 (Tenn. 1992). In her Order granting Defendants' Motion for Summary Judgment, Judge Stella L. Hargrove stated that "a prior action was instituted upon advice of counsel with probable cause. Pursuant to discovery and deposition, reasonable minds would not differ that there was a reasonable chance of recovery on the claim against Ms. Abernethy." Based upon Appellant's argument that **Sullivan v. Young**, 678 S.W.2d 906 (Tenn. Ct. App. 1984) was overruled by our Supreme Court in **Roberts v. Federal Exp. Corp.**, 842 S.W.2d 246 (Tenn. 1992), Appellant would have us address the question of probable cause as an issue separate from whether summary judgment was proper on the defense of advice of counsel. Because we do not agree that *Sullivan* was overruled by *Roberts*, we must decline to treat Appellant's issues as independent of one another. In *Roberts*, the defense of advice of counsel was not raised. In *Sullivan,* the court addressed probable cause in light of an advice of counsel defense and concluded that "advice of counsel to the effect that there is a reasonable chance of recovery on a claim can establish probable cause." **Sullivan v. Young**, 678 S.W.2d 906 (Tenn. Ct. App. 1984); **See also Cooper v. Fleming**, 84 S.W. 801, 802 (Tenn. 1904) (stating that the purpose of the advice of counsel defense is to "establish the existence of probable cause."). Where, as in this case, advice of counsel is raised as a defense, the issue of whether probable cause exists rests on the question of whether the advice of counsel elements were satisfied or, in cases involving summary judgment, whether there were any issues of material fact concerning advice of counsel. In short, probable cause is established when a suit was instituted with advice of counsel. As stated in **Cooper v. Fleming,** 84 S.W. 801 (Tenn. 1904):

> ...[W]e think the weight of authority is that [advice of counsel's] fundamental purpose is to establish the existence of probable cause, and when said advice had been honestly sought, and all material facts

relating to the case, ascertained or ascertainable by the existence of due diligence, had been presented to counsel, and the prosecution is commenced in pursuance of such advice, then it is the province of the court to charge the jury, as a matter of law, that such advice of counsel entitles the party sued to complete immunity from damages.

*Id.* at 802.

However, the advice of counsel must be based upon "ample evidence at the time [of filing suit] for the [attorney] to conclude that [the client] had a reasonable chance of recovery in the prior action." *See Morat et al. v. State Farm Mut. Auto. Ins. Co.*, 949 S.W.2d 692, 696 (Tenn. Ct. App. 1997). In his affidavit, which is part of the record in this case, Mr. Fleming, attorney for Appellees, makes the following statements concerning Appellees' chance of recovery against Mrs. Abernethy:

> I [Mr. Fleming], along with another attorney in my firm, Daniel Murphy, decided that Virginia Abernethy should be added as a defendant in the case because it was evident from the records that she had received money she was not entitled to.
>
> *                    *                    *
>
> The prosecution of the case against Ms. Abernethy continued after her deposition because it was my opinion that she had not given a credible explanation for receiving BIB money. I thought that continuing the prosecution against Ms. Abernethy was in order because it was my opinion that, after going through complete discovery including her deposition, there was a high likelihood that the court would award my clients a judgment against Ms. Abernethy for the money she wrongfully received from BIB.

Although we find that Mrs. Abernethy was added as a defendant based upon belief that there was a reasonable chance that Appellees would recover from her, this holding does not provide a sufficient conclusion to the issue of probable cause. As discussed above, probable cause is inexorably tied to the issue of whether there are sufficient and undisputed facts to support the advice of counsel defense. This issue cannot exist independent of our finding on Appellant's second issue. We, therefore, turn our attention to address whether the advice of counsel defense can survive summary judgment under the facts of this case.

**Whether the trial court erred in granting the Defendants/Appellees
motions for summary judgment sustaining their position that there
are no material disputes on facts related to the defense of advice of counsel.**

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 210-11 (citations omitted)(emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W. 2d 722, 723 (Tenn. 1997).

In order to prevail on an advice of counsel defense, a defendant must prove three elements: (1) that the attorney's advice was sought in good faith, (2) that the defendant divulged all material facts relating to the case, ascertained or ascertainable by the exercise of due diligence, and (3) that the case was commenced pursuant to the attorney's advice. *See Cooper v. Fleming*, 84 S.W. 801, 802 (Tenn. 1904); *See also Tennessee Pattern Jury Instructions Civil* § 8.26.

There is no dispute in the record or on appeal related to the second element of advice of counsel. We find that the Defendants divulged all material facts to Mr. Fleming. The gravamen of this issue is whether elements one and two were met. As stated in her brief, Appellant asserts that summary judgment was not warranted in this case because:

> There is no proof that any of the Defendants/Appellees *asked* B. Fleming [William Fleming, counsel for the Defendants/Appellees] anything, much less in good faith. And the proof before this Court is that it was B. Fleming who acted upon the direction of the Defendants/Appellees, not the other way around. The defense is called Advice of Counsel, not Ratification of Counsel. That is all we

have here: ratification. There is no good faith asking, there is no advice by counsel (unless the mere drafting into a pleading what the client submits can be called advice), and there is no reliance . But to overcome the Motion for Summary Judgement [sic] it is only necessary to show there are disputes.

In our review of the record, particularly those exhibits containing letters that passed from Robert Brandt and Keith Lundin to Mr. Fleming, we concede that Mr. Brandt and Mr. K. Lundin were very active in their suit against Mr. Smith and Mrs. Abernethy. There is no dispute that these clients were well versed in legalese and well trained in legal matters. However, we cannot apply a higher standard to these Defendants than we would apply to lay litigants in seeking the advice of counsel. What these exhibits give us is only one side of the correspondence, that going *to* Mr. Fleming from his clients and, taken alone, these letters do not negate an advice of counsel defense.

Turning to the deposition of William Fleming, the facts indicate that there were numerous conversations and meetings between Mr. Fleming and Messrs. Brandt and Lundin leading up to and following the filing of the *Brandt v. BIB* case. As in any legal matter, ideas, theories, approaches, and strategies passed freely between the attorney and the client and Mr. Fleming could not always remember which participant should be credited with the original idea:

> Q [By Mr. Bates, counsel for Virginia Abernethy]: ...Whose idea was it to charge Virginia Abernethy with embezzlement?
>
> A [By Mr. William Fleming]: I don't remember who talked about it first. I don't have any memory about that. We talked about it.
>
> Q: Was it your idea?
>
> A: You know, I don't honestly remember.
>
> Q: So we could just name people and your answer would be the same; you just don't remember?
>
> A: No, I don't remember who first talked about it. I remember when we were discussing it, [Mr. Fleming and Messrs. Brandt and K. Lundin], the money she [Ms. Abernethy] was receiving, we had no reason–we didn't know why he [Mr. Smith] was paying her all that money, and we got into embezzlement because it fit the definition of the word.
>
> *          *          *

Q: Do you [Mr. Fleming] have a memory of rejecting any of their [Messrs. Brandt and K. Lundin] suggestions concerning the pleadings?

A: Oh, man. What are you talking about? Do you know how many exhibits we had?

Q: Pleadings?

A: Pleadings? Oh, well, we did two or three drafts, if these–are you talking about the amended complaint or are you talking about the pleadings–

Q: Why don't I say this and make it easy: Insofar as the pleadings, you certainly involved them more than you would involve lay clients; fair statement?

A: Let me say this, Mr. Bates. And this is the truth.... Unless I have got a pleading that is real mundane, something just simple, and unless I'm in a real time bind to get something filed by three o'clock this afternoon, then I routinely send all my complaints, any petition for contempt, to my clients and say: You look this over.

Q: Prior to you filing?

A: Yes, sir. Or what I do sometimes, I say, "It's ready. You come to the office and read it." Thousands of times in the last thirty years I have had clients that found mistakes, a misnomer, or a date was wrong or something; so that is part of my routine procedure with any client, and I did it in this case.

From our reading of the record, the inclusion of Mrs. Abernethy as a defendant in the *Brandt v. BIB* case and the allegations of embezzlement and fraud were the products of a collaborative effort between Mr. Fleming and his clients. Taking the record as a whole and giving Mrs. Abernethy every inference in her favor, we see no dispute of facts to suggest that the Appellees sought advice of counsel on any other basis than good faith nor can we conclude that Mr. Fleming's advice formed no basis for the decision to join Mrs. Abernethy to this suit. There is nothing in the advice of counsel elements to suggest that attorneys and clients cannot collaborate or that the advising must be a one-sided endeavor on the part of the attorney. In fact, our legal system encourages lawyers and clients to share information and to aid one another in preparing the best case they can. To hold that advice of counsel is only a proper defense when the attorney dictates his or her ideas to a client who must then accept that advice without adding suggestions or clarifications, or even for this Court to assign a proper percentage of advising that would secure this defense, is to stymie the system.

For the foregoing reasons, we affirm the Order of the trial court granting summary judgment to all defendants. Costs of this appeal are assessed to the Appellant, Virginia Abernethy and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.