**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0306n.06
Filed: May 29, 2008

No. 07-5265

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| MELVIN D. LAW, JR. | **)** |
| | **)** |
| **Plaintiff-Appellant** | **)** |
| | **) ON APPEAL** FROM THE UNITED |
| v. | **)** STATES DISTRICT COURT FOR THE |
| | **)** MIDDLE DISTRICT OF TENNESSEE |
| BRENDA C. LAW, | **)** |
| | **) OPINION** |
| **Defendant-Appellee.** | **)** |
| | **)** |
| | **)** |

BEFORE:    MOORE and CLAY, Circuit Judges; SCHWARZER,[*] District Judge.

**WILLIAM W SCHWARZER, District Judge**.   Melvin Law appeals the summary judgment dismissing his malicious prosecution and abuse of process claims arising out of a contempt petition filed by his ex-wife, Brenda Law, in state court.  Brenda's contempt petition alleged that Melvin had violated the terms of the parties' Marital Dissolution Agreement (MDA) by failing to provide Brenda with the couple's 2003 tax return, failing to provide Brenda with a health insurance card for Stephen Law, failing to procure a life insurance policy naming Brenda as beneficiary, and failing to pay Brenda's COBRA health insurance premiums.  The Tennessee Chancery Court dismissed the tax return issue on the condition that Melvin deliver the tax return to

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Brenda within 24 hours. The parties reached a settlement regarding Stephen Law's health insurance card and the life insurance policy. On the issue of Brenda's COBRA premiums, the Chancery Court found that there was insufficient evidence that Melvin had willfully violated the MDA and dismissed the contempt petition.

Melvin subsequently filed an action against Brenda in the district court for malicious prosecution and abuse of process. The district court granted Brenda's motion for summary judgment, finding that three of the four issues raised in the contempt petition were resolved in Brenda's favor, and that Brenda had initiated the COBRA payments claim with probable cause. The district court also dismissed Melvin's abuse of process claim, finding that there was no evidence of a writ, order, or command of the court in the contempt proceedings other than the initiation of the proceedings themselves. Melvin timely appealed.[1]

We review a summary judgment de novo. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). Tennessee law applies in this diversity action. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

To establish malicious prosecution, a plaintiff must show that (1) a prior suit or judicial proceeding was brought against the plaintiff without probable cause, (2) the defendant brought the prior action with malice, and (3) the prior action was finally terminated in the plaintiff's favor. *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992). The undisputed evidence establishes that

---

[1] Melvin filed two motions on appeal, one to supplement his brief with a related case decided October 26, 2007, and one to supplement the record with two orders of the Tennessee Chancery Court. We grant both motions.

three of the four issues in the contempt petition were resolved in Brenda's favor. The Chancery Court dismissed the tax return issue on the condition that Melvin deliver the documents to Brenda within 24 hours. The parties reached a settlement regarding Stephen Law's health insurance card and the life insurance policy before the Chancery Court received any evidence on these issues. Compromise or settlement of an allegedly malicious action is not a favorable termination. *Id*. at 74. Accordingly, Melvin's malicious prosecution claim fails as to these three issues.

On the issue of the COBRA payments, we agree with the district court that Brenda initiated the claim with probable cause. A defendant may establish probable cause by showing that the allegedly malicious action was initiated on advice of counsel. *Abernethy v. Brandt*, 120 S.W.3d 310, 313 (Tenn. Ct. App. 2002). The evidence establishes that Brenda initiated the COBRA payments claim after her attorney advised her that Melvin was refusing to pay the COBRA premiums and recommended that she file the contempt petition. The evidence also establishes that Brenda was unaware at the time she filed the contempt petition that a billing error had led Melvin to believe that he was paying the COBRA premiums when, in fact, he was simply being overcharged for his own health insurance. Accordingly, we affirm the district court's order dismissing Melvin's malicious prosecution claim.

To establish a claim for abuse of process, a plaintiff must allege "(1) the existence of an ulterior motive; and (2) an act in use of process other than such as would be proper in the regular prosecution of the charge." *Bell v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 555 (Tenn. 1999) (internal quotation marks and citations omitted). "Mere initiation of a law suit, though accompanied by a malicious ulterior motive, is not abuse of process." *Id*. Rather, there must be "a subsequent improper act in the use of process after the initiation" of litigation. *Id*.

3

at 556.

Melvin argued below that the initial issuance of process was Brenda's contempt petition and that Brenda committed acts in abuse of that process by filing three motions in the contempt action. The district court properly rejected this argument because a motion is not a writ, order, or command of the court in the course of judicial proceedings. *See Matthews v. Storgion*, 174 F. App'x 980, 986 (6th Cir. 2006). On this appeal, Melvin argues for the first time that the initial issuance of process here was the parties' divorce decree, and that the filing of the contempt petition was the subsequent improper act in abuse of that process. We need not address this argument because it was not raised before the district court. In general, "an argument not raised before the district court is waived on appeal to this Court." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). In any event, the argument is meritless. To the extent Melvin relies on the contempt petition as a subsequent improper use of process, his claim is barred by the statute of limitations because his abuse of process claim was filed more than one year after the filing of the contempt petition.[2]

For the reasons stated, we **AFFIRM** the judgment of the district court.

---

[2] Tennessee's Code does not prescribe a limitations period for abuse of process claims, nor does it prescribe a catch-all period for torts not otherwise provided for. The most nearly analogous statute is that for personal torts, including malicious prosecution claims, which provides for a period of one year from the date on which the cause of action accrued. *See* Tenn. Code Ann. § 28-3-104(a)(1). In the absence of a specific statute of limitations for abuse of process claims, we believe that a Tennessee court would apply the one-year statute to such claims.